IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                          Case Nos.:    4:11cr56/RH/GRJ
                                           4:14cv335/RH/GRJ

BENJAMIN NATHANIEL LIVINGSTON,

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's second amended
"Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence
by a person in Federal Custody."   (ECF No. 147.) The Government has
filed a response (ECF No. 153) and Petitioner, through appointed counsel
has filed a Notice advising that he does not intend to file a reply.   (ECF
No. 154.)   This case was referred to the undersigned for the issuance of
all preliminary orders and any recommendations to the district court
regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28
U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a review of the record
and the arguments presented, the Court concludes that Petitioner's motion
should be granted in part and denied in part.

## BACKGROUND

Petitioner was charged in a two count indictment with possession of nineteen stolen firearms and possession of these same firearms by a convicted felon.   (ECF No. 1.)   The charges stemmed from Petitioner and co-defendant Lisa Roland's possession and sale of firearms belonging to William Braswell.   Ms. Roland obtained permission to borrow Mr. Braswell's car on the evening of May 17, 2011, and he advised her that there were firearms in the trunk of the vehicle.   Although she had told Braswell she would return in about an hour, as she was taking food to a friend, Roland did not return, and the following day he reported that the car, with the firearms, as stolen.   Roland had actually gone to Petitioner's house to "party."   At some point she told Petitioner about the firearms in the trunk and asked to park the car behind the house to ensure their safety. She fell asleep, and was awoken later by Petitioner, who suggested that they sell the guns from the trunk of Braswell's car to make some money. Roland agreed.   Petitioner contacted Albert Waldrep, an acquaintance of his, and told Waldrep that Petitioner had something he might be interested in.   It was not uncommon for Waldrep to contact law enforcement before purchasing a gun to ensure that the weapon he intended to purchase was

not stolen.   Law enforcement thus became aware of the situation when

Waldrep contacted Officer Benton Ebberson before traveling to Petitioner's

residence.   Waldrep ultimately purchased two guns from Petitioner, which

he promptly turned over to law enforcement upon learning the guns were

stolen.

Petitioner proceeded to trial represented by William Clark of the

Office of the Federal Public Defender, and a jury convicted him on both

counts.   (ECF No. 59.)   Before sentencing, Petitioner filed a letter to the

court complaining about counsel's representation and other matters relating

to his trial and prosecution.   (ECF No. 69.)   At the scheduled sentencing,

the court appointed Bernard Francis Daley to represent Petitioner, and

continued sentencing.   (ECF No. 73.)

The Second Final Presentence Investigation Report ("PSR")

assessed a base offense level of 24, and added a four-level and a two level

enhancement because of the quantity of firearms and the fact that the

firearms were stolen. (ECF No. 83, PSR ¶¶ 24-26.)   The offense level was

adjusted from 30 to 29 due to the limitations of § 2K2.1(b).   (PSR ¶ 31.)

This adjustment, however, was mooted by the application of the Chapter

Four enhancement.   As an Armed Career Criminal, Petitioner's offense

level was 33.   (PSR ¶ 32.)   Petitioner had twelve criminal history points,

which corresponded to a criminal history category V (PSR ¶¶ 51-53,) and

the applicable advisory guidelines range was 210 to 262 months.   (PSR ¶

87.)   The statutory maximum term of imprisonment on Count One was

ten years, well under this range, and Count Two carried a mandatory

minimum of 15 years with a maximum term of life imprisonment.   (PSR ¶

86.)   The court sentenced Petitioner to 120 months on Count One and 210

months on Count Two, to run concurrently, followed by concurrent terms of

three years of supervised release on Count One and five years of

supervised release on Count Two.   (ECF No. 87.)

Petitioner raised three issues on appeal.   He contended that the

Government did not establish he was the person named in the indictment

and referred to by the witnesses; that there was insufficient evidence to

prove he knew or had reasonable cause to believe the firearms were

stolen; and that the district court erred by admitting testimony about his

prior drug activity.   (ECF No. 118.)   Noting that the latter two claims were

raised for the first time on appeal, the Eleventh Circuit found no error. (ECF

No. 118.)

Petitioner timely filed a *pro se* motion to vacate. (ECF No. 135.)

Pursuant to court order, he filed an amended motion soon thereafter, and

the Government responded.   (ECF Nos. 136, 137, 139).   In February of

2016, the Office of the Federal Public Defender filed a motion to be

appointed as counsel for the purpose of filing an amendment to the

pending motion in light of *Johnson v. United States*, 135 S. Ct. 2551

(2015).   (ECF No. 141.) The court granted the motion, and after

investigation, the Office of the Federal Public Defender moved to withdraw

as a result of the conflict presented by Petitioner's allegations of ineffective

assistance of counsel against a lawyer from that office. (ECF Nos. 143.)

Attorney David Walter Collins was appointed to represent Petitioner, who

then filed the second amended motion to vacate in Petitioner's behalf.

(ECF Nos. 144-147.) This motion contains a photocopy of three grounds for

relief raised in Petitioner's previous submission and adds a claim pursuant

to *Johnson.* The Government concedes Petitioner is entitled to relief on his

*Johnson* claim, and rests on its prior response opposing the claims raised

in the prior motion.   (ECF No. 139.)

## ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"   *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).   The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190,

1195 (11th Cir. 2011).   An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."   *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."   *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).   To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."   *Lynn*, 365 F.3d at 1235.   A meritorious claim of ineffective assistance of counsel can constitute cause.   *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.   *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v.*

*Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).   In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.   *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."   *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts are to examine counsel's performance in a

highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218

F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   *Strickland*, 466 U.S. at 694.   "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).   For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."   *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010).   A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."   *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).   Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.   *Glover v. United*

*States*, 531 U.S. 198, 203–04 (2001).   A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."   *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.   *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).   Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.   *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."   *Chandler*, 218 F.3d at 1313.   This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether

some reasonable lawyer could have acted in the circumstances as defense

counsel acted.    *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d

1177, 1180 (11th Cir. 2000).    "Even if counsel's decision appears to have

been unwise in retrospect, the decision will be held to have been ineffective

assistance only if it was 'so patently unreasonable that no competent

attorney would have chosen it.'"    *Dingle*, 480 F.3d at 1099 (quoting *Adams*

*v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).    The Sixth Circuit

has framed the question as not whether counsel was inadequate, but rather

whether counsel's performance was so manifestly ineffective that "defeat

was snatched from the hands of probable victory."    *United States v.*

*Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).    Regardless of how the

standard is framed, under the prevailing case law it is abundantly clear that

a moving defendant has a high hurdle to overcome to establish a violation

of his constitutional rights based on his attorney's performance.    A

defendant's belief that a certain course of action that counsel failed to take

might have helped his case does not direct a finding that counsel was

*constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and

records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.   *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.   *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.   *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

## A.  Petitioner's *Johnson* Claim (Ground Four)

At sentencing, the court found Petitioner was an armed career criminal after adopting the findings of the Presentence Investigation Report ("PSR") because he had prior convictions for Sale of Cocaine, Resisting an Officer with Violence, and Burglary of a Dwelling.   (ECF No. 83, PSR ¶¶ 2, 32).   Under the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence.   18 U.S.C. § 924(e)(1).   The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*."   18 U.S.C. § 924(e)(2)(B)(i) and (ii).   An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.   Absent the ACCA enhancement, a ten year maximum penalty applies.   *See* 18 U.S.C. § 924(a)(2).

Case Nos.: 4:11cr56/RH/GRJ; 4:14cv335/RH/GRJ

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563.   Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.   The Government concedes that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), convictions under the non-divisible Florida burglary statute are no longer proper ACCA predicates.   (ECF No. 153 at 5.)    Therefore, Petitioner no longer has the three requisite predicate convictions to support the application of the ACCA enhancement, and Petitioner is entitled to relief as to Ground Four of his motion.

The matter of resentencing is, of course, for the district court. For the sake of completeness the undersigned notes that the Government's position is that formal resentencing is not necessary.   After granting a section 2255 motion, a court has authority to correct a prisoner's sentence without conducting a formal resentencing hearing.   *United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007); *see United States v. Joseph*, 569 F. App'x 861, 864 (11th Cir. 2014); *United States v. Jackson*, 923 F.2d 1494, 1497-98 (11th Cir. 1991); *United States v. Brewer*, 360 F. App'x 28 (11th Cir. 2010) (per curiam).   The Government urges the court to

resentence Petitioner on Count Two to a term of 90 months imprisonment, with this sentence to run consecutively to the 120 month term imposed on Count One, in order to duplicate the original 210 month sentence.    (ECF No. 153 at 7.)    It also requests that, if the district court wishes to impose a different sentence, that the government should have the opportunity to be heard.

### B.   Petitioner's Pro Se Claims

### 1. Ground One—Failure to Object to Jury Instructions

Petitioner claims that counsel was constitutionally ineffective for failing to object to "burden-shifting" jury instructions which, he asserts, resulted in a constructive amendment to the indictment.    He states that because there were nineteen different firearms listed in the indictment, the Government was required to prove that he possessed all of them.    The jury was instructed, however, that he could be found guilty of Count One if he possessed "*at least one firearm* described in the indictment," and guilty of Count Two if he possessed "*a firearm* described in the indictment." (ECF No. 96 at 156, 157, emphasis added).    Petitioner contends that this constructively amended the indictment and impermissibly broadened the bases for conviction.

Case Nos.: 4:11cr56/RH/GRJ; 4:14cv335/RH/GRJ

Petitioner is correct that a constructive amendment to the indictment occurs when the essential elements of the offense contained in the indictment are altered to broaden the bases for conviction.    *See United States v. Madden*, 733 F.3d 1314, 1318 (11th Cir. 2013).    However, Eleventh Circuit precedent does not support Petitioner's position and, therefore, counsel was not constitutionally ineffective for his failure to raise this issue. *United States v. Dortch*, 696 F.3d 1104, 1112-1113 (11th Cir. 2012). Petitioner is not entitled to relief on this claim.

### *2.* Ground Two—Failure to Object to Denial of Right of Allocution

Petitioner contends that counsel was constitutionally ineffective because he did not object to the court's failure to comply with Federal Rule of Criminal Procedure 32(i)(4)(A)(ii). This provision allows a criminal defendant to speak or present information in mitigation prior to sentencing. Petitioner points to the following statement by the Court at sentencing:

> I'm going to impose a sentence of 210 months.    That's the low end of the guideline range.    Essentially, with the minimum mandatory, the range of my decision in the case is from 180 months up to some greater number and even the Government doesn't assert that more than 210 is appropriate, so it's a 30 month range.

(ECF No. 97 at 5).    A sentencing court's failure to comply with Rule 32 is

reversible error if the defendant does not receive the lowest possible sentence within the applicable guideline range. (ECF No. 147 at 26, citing *United States v. Prouty*, 303 F.3d 1249 (11th Cir. 2002)). That is exactly the sentence Petitioner received in this case.   Petitioner's assertion that he was denied his right to personally request that the court sentence him to the lowest possible sentence, the statutory minimum mandatory of 180 months, does not afford him relief.

Furthermore, Petitioner's assertion that he was denied his right of allocution is contradicted by the sentencing transcript.   As the proceedings commenced, the court explained what would transpire and advised Petitioner that, after counsel argued in his behalf, Petitioner would "be able to say anything [he] would like to say."   (ECF No. 97 at 2.)   Counsel then advised that his client was not going to address the court, but stated that counsel knew "[Petitioner] is sincerely sorry for the offense, offense conduct."   (ECF No. 97 at 4). The record does not relfect that Petitioner attempted to object or attract the court's attention to demonstrate disagreement with counsel's representation of his desire not to address the court.   As such, Petitioner has not shown that counsel was constitutionally ineffective and he is not entitled to relief on this claim.

### 3. *Ground Three—Failure to Object to Confrontation Clause Error*

Petitioner's last claim is that counsel was constitutionally ineffective for failing to object to a Confrontation Clause violation.   (ECF No. 147 at 27).   Specifically, he complains that William David Braswell, the owner of the nineteen firearms identified in the indictment, was never called to testify at trial.   Petitioner claims that he was prejudiced by his inability to "confront" Mr. Braswell about whether the vehicle and weapons contained therein were stolen, and whether Braswell owned the weapons. Petitioner's assertion that this constituted a violation of his constitutional rights, or that Braswell's testimony somehow would have affected the outcome of the proceedings is unsupported.

Mr. Braswell, who was apparently in his eighties at the time of the trial, did not testify.   (ECF No. 96 at 34, 100.)   Officer Benton S. Ebberson of the City of Madison Police Department testified regarding Mr. Braswell and his stolen firearms, and co-conspirator Lisa Roland testified about the events in question as well.   (ECF No. 96 at 29-51, 78-95, 104-112.) Petitioner exercised his right to cross-examine both Officer Ebberson and Ms. Roland.   (ECF No. 96 at 51-55, 95-104.)

Petitioner complains that he never had the opportunity to confront Mr.

Braswell to establish either that he reported his vehicle stolen, or that he was the owner of the firearms.   Officer Ebberson, and not Mr. Braswell, testified that Mr. Braswell had reported his vehicle stolen. To the extent Petitioner claims that there was no evidence or testimony given as to the ownership of the firearms, he is mistaken, as testimony at trial established that the weapons belonged to Mr. Braswell. (*See* ECF No. 96 at 34-35, 62, 72, 99.)   Petitioner argues that Ms. Roland had care and control of the vehicle and all of its contents. There was no evidence, however, adduced at trial that supported a conclusion that the firearms belonged to Ms. Roland or were hers to sell.

Petitioner also makes issue with the fact there was no testimony that the nineteen firearms listed in the indictment had been reported stolen. First, such a report is not necessary to prove that the weapons were stolen. The law does not require that the owner of property report to law enforcement that the property is stolen in order for the property to be considered "stolen." Second, law enforcement knew that the firearms that had been reported stolen were in Braswell's vehicle.

Petitioner maintains that if Braswell had testified, he would have testified that he did not know Petitioner, and that he gave Lisa Roland

permission to use the car. Whether Mr. Braswell knew Petitioner is irrelevant.   Additionally, the fact that Mr. Braswell gave Ms. Roland permission to use his car was not in dispute. Ms. Roland testified that Mr. Braswell agreed to let her use the car for an hour to take some food up the street to a friend.   (ECF No. 96 at 83-84).   It was Ms. Roland's failure to return the vehicle as promised that resulted in the car being reported stolen.

In sum, Mr. Braswell's testimony was not necessary at trial, and his failure to testify did not result in a Confrontation Clause violation. Petitioner's attorney was not constitutionally ineffective for his failure to make a meritless objection and, therefore, Petitioner is not entitled to relief on this ground.

## Conclusion

With the exception of Petitioner's *Johnson* claim, Petitioner has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has Petitioner shown that an evidentiary hearing is warranted. Accordingly, Petitioner's motion should be denied as to Grounds One through Three and Granted as to Ground Four.

Case Nos.: 4:11cr56/RH/GRJ; 4:14cv335/RH/GRJ

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right as to Grounds One through Three.   28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability as to those Grounds in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 4:11cr56/RH/GRJ; 4:14cv335/RH/GRJ

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.    The Second Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 147) should be **DENIED as to Grounds One, Two and Three,** and a certificate of appealability should be **DENIED** as to these grounds.

2.    The Second Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody (ECF No. 147) should be **GRANTED** as to **Ground Four**, and Petitioner's sentence on Count Two of the indictment should be **vacated,** Petitioner should be resentenced.

**IN CHAMBERS** at Gainesville, Florida, this 29th day of March 2017.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge



**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy**

Case Nos.: 4:11cr56/RH/GRJ; 4:14cv335/RH/GRJ

thereof.   **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.