IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 4:11cr56-RH/GRJ
  4:14cv335-RH/GRJ

BENJAMIN NATHANIEL LIVINGSTON,

    Defendant.

_____/

**ORDER GRANTING RELIEF UNDER § 2255**

The defendant Benjamin Nathaniel Livingston has moved under 28 U.S.C. § 2255 for relief from his conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 155. I have considered the issues de novo.

I

A jury convicted Mr. Livingston on two counts. One was possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The maximum sentence for violating § 922(g)(1) is ordinarily 10 years in prison. *See id.* § 924(a)(2). But if the defendant is an armed career criminal as defined in 18 U.S.C. § 924(e), the *minimum* sentence is 15 years, and the maximum is life.

Under the law of the circuit as in effect when Mr. Livingston was sentenced, he was an armed career criminal. He was sentenced to 210 months on the felon-in-possession count, together with 120 months concurrent on the other count, for a total of 210 months.

Now the law has changed. Under *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Livingston is no longer an armed career criminal. *Johnson* is retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). The maximum sentence that could be imposed on the felon-in-possession count is now 10 years. Mr. Livingston is entitled to a full resentencing on both counts.

II

Mr. Livingston also challenges his sentence on another ground: that his attorney rendered ineffective assistance by not objecting to the alleged denial of his right to allocute. The claim is factually unfounded—Mr. Livingston was afforded the opportunity to allocute but chose not to do so—and in any event the issue is moot. Mr. Livingston will be given an opportunity to allocate at the resentencing.

III

Mr. Livingston also challenges his conviction, asserting that his attorney rendered ineffective assistance at trial in two respects. The claims are unfounded for the reasons set out in the report and recommendation.

IV

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 155, is accepted. Mr. Livingston's second amended § 2255 motion, ECF No. 147, is granted in part.

2. The clerk must set a sentencing hearing for the earliest date that is available in light of the need to return Mr. Livingston to the district.

3. The probation officer must prepare a supplemental addendum to the presentence report setting out the revised guideline range and any other pertinent information.

4. The clerk must set a status conference by telephone at either side's request.

SO ORDERED on May 15, 2017.

s/Robert L. Hinkle  
United States District Judge